IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID NELSON,

                Plaintiff,

v.                                                                                                     OPINION & ORDER

JANSSEN PHARMACEUTICALS and                                       14-cv-707-jdp
JOHNSON & JOHNSON,

                Defendants.

---

Pro se plaintiff David Nelson is a prisoner in the custody of the Wisconsin Department of Corrections. Plaintiff has filed a complaint alleging that from January 2011 through January 2014, pursuant to a prescription from his psychiatrist, he took Risperdal/risperidone. The drug caused plaintiff to grow painful "female type breast[s]." Dkt. 1, at 2. Plaintiff sues defendants Janssen Pharmaceuticals and Johnson & Johnson, presumably because they manufacture the drug.

The court closed plaintiff's case on December 3, 2014, after plaintiff failed to file a certified trust fund account statement as the court instructed in multiple orders. Dkt. 3 and Dkt. 8. But after receiving a letter from plaintiff, the court afforded plaintiff one final opportunity to submit a certified trust fund account statement and granted plaintiff leave to proceed *in forma pauperis*. Dkts. 9-12. The court reopened plaintiff's case on February 17, 2015, after plaintiff paid his initial partial filing fee.

Usually at this point I would screen plaintiff's complaint and dismiss any portion that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915A. But because plaintiff does not bring any federal claims, I must first

determine whether the court may exercise subject matter jurisdiction over plaintiff's state law claim. Because plaintiff has not alleged enough facts for me to determine whether the court has subject matter jurisdiction, I will direct plaintiff to file an amended complaint that establishes jurisdiction.

## ANALYSIS

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150 v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless the party invoking federal jurisdiction establishes complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the court must dismiss the case for lack of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart*, 562 F.3d at 802-03.

Here, plaintiff does not raise any federal questions (plaintiff brings a state law product liability claim), so the only way to invoke federal jurisdiction is to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332. Diversity jurisdiction exists when: (1) the amount in controversy exceeds $75,000; and (2) the parties are citizens of different states. But plaintiff's allegations regarding the parties' citizenships and the amount in controversy are insufficient.

A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. *Hertz*, 559 U.S. at 88. Plaintiff alleges that both defendants are

2

located at One Johnson & Johnson Plaza, New Brunswick, New Jersey. This allegation, by itself, is insufficient to establish defendants' citizenship. But my own cursory research indicates that Janssen Pharmaceuticals appears to be a Belgian corporation incorporated and headquartered in New Jersey, and Johnson & Johnson is also incorporated and headquartered in New Jersey.

At this point, I have sufficient information to believe that defendants are citizens of New Jersey (and, with respect to Janssen Pharmaceuticals, possibly Belgium). But I cannot determine plaintiff's citizenship. Although plaintiff alleges that he "resides" in Wisconsin, Dkt. 1, at 1, the fact that he is incarcerated in Wisconsin does not make plaintiff a citizen of Wisconsin. A prisoner is a citizen of "the state of which he was a citizen before he was sent to prison unless he plans to live elsewhere when he gets out, in which event it should be that state." *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002). Without more information, I cannot determine whether the parties are diverse. I will instruct plaintiff to file an amended complaint clarifying where he was a citizen before he was incarcerated and where he intends to live when he gets out. Plaintiff should also specifically plead an amount in controversy; right now, plaintiff has only asked for "monetary compensation of a substantial amount as well as exponential punitives[.]" Dkt. 1, at 3.

One final note: according to the Wisconsin Department of Corrections' online database of offender information, plaintiff is no longer being housed at the Green Bay Correctional Institution; he is currently incarcerated at the Waupun Correctional Institution. I will instruct the clerk's office to update plaintiff's address accordingly and ensure that he receives a copy of this order at that location.

ORDER

IT IS ORDERED that:

1. Plaintiff David Nelson may have until May 23, 2016, to file an amended complaint containing good faith allegations sufficient to establish subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, plaintiff must allege where he was a citizen before he went to prison and where he intends to live when he gets out. Plaintiff must also plead an amount in controversy.

2. Failure to timely amend will result in prompt dismissal of this matter for lack of subject matter jurisdiction.

3. The clerk's office will update plaintiff's address to ensure that he receives a copy of this order at his current location.

Entered May 9, 2016.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge