IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID NELSON,

                Plaintiff,

v.                                             ORDER

JANSSEN PHARMACEUTICALS and             14-cv-707-jdp
JOHNSON & JOHNSON,

                Defendants.

---

On June 27, 2016, I granted pro se plaintiff David Nelson leave to proceed on a claim for strict products liability against defendants Janssen Pharmaceuticals and Johnson & Johnson. Dkt. 20. But I noted that if plaintiff intends to add a products liability claim based on defendants' *negligence*, he will need to file an amended complaint clarifying his allegations and specifically stating how defendants were negligent. *Id.*

Now plaintiff has responded to the June 27, 2016, order. Dkts. 22-24. Plaintiff states that he does not know how to get an "amended complaint form" and that he does not have anyone who can help him with this matter. He includes a few additional allegations regarding his products liability claim: his prolactin levels are high, his small intestine is damaged (although the medical records that plaintiff submitted indicate that he may have damaged his intestines when he ingested crayons and broken pencils), and he is experiencing headaches, a reduced sex drive, and infertility problems. But he has also submitted new, unrelated allegations, stating that Waupun Correctional Institution personnel physically and sexually assaulted him, failed to give him his medication, housed him with an inmate who was not mentally ill, and generally failed to provide adequate mental health treatment. He wishes to

bring claims against these actors, under the Eighth Amendment, the Americans with Disabilities Act, and the Rehabilitation Act. Dkt. 23, at 1.

First, if plaintiff intends to add allegations to support his products liability claim(s), plaintiff does not need an amended complaint "form." If plaintiff would like to file an amended complaint, all he has to do is notify the court that he intends to bring a negligent products liability claim and tell me what he believes defendants negligently (as opposed to intentionally) did to harm him. Because plaintiff's response does not indicate that he intends to bring a negligent products liability claim, I will not add the claim to the suit at this time. In fact, I will be issuing an order staying this case shortly. But I will allow plaintiff an opportunity to file an amended complaint if he so chooses, after the stay is lifted.

Second, if plaintiff intends to amend his complaint to include claims against Waupun Correctional Institution personnel, I will deny his request. Any potential claims that plaintiff intends to bring against WCI personnel are unrelated to his claims against the defendants here. This case is about the fact that defendants' drug, Risperdal, caused plaintiff to grow painful "female type breast[s]." Dkt. 1, at 2. If plaintiff wishes to bring claims against WCI personnel, he will have to file a separate lawsuit. The clerk of court has recently sent plaintiff complaint forms for this purpose. Dkt. 25.

ORDER

IT IS ORDERED that:

1. Plaintiff David Nelson's request for leave to amend his complaint to add claims against Waupun Correctional Institution personnel, Dkt. 22, is DENIED.

2. I will be issuing an order staying this case shortly. After that stay is lifted, I will give plaintiff an opportunity to file an amended complaint, if he so chooses, that

adds a claim for negligent products liability against defendants Janssen Pharmaceuticals and Johnson & Johnson.

Entered July 13, 2016.

                              BY THE COURT:

                              /s/

                              _____
                              JAMES D. PETERSON
                              District Judge