IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DAVID NELSON,

                Plaintiff,

v.                                                                                                ORDER

JANSSEN PHARMACEUTICALS and                          14-cv-707-jdp
JOHNSON & JOHNSON,

                Defendants.

---

Pro se plaintiff and prisoner David Nelson has filed an untitled motion to reopen this closed case. Dkt. 67. For the reasons explained below, I will deny the motion.

I allowed Nelson to proceed on a products liability claim against defendants Janssen Pharmaceuticals and Johnson & Johnson related to the drug Risperdal (generic name risperdone). Nelson alleged that the drug caused him to grow painful "female type breasts." Dkt. 20. I stayed the case while looking for counsel willing to represent Nelson. Dkt. 27.

After the court exhausted its efforts without finding counsel for Nelson, I gave Nelson a choice in April 2018: (1) continue litigating the case without counsel or (2) dismiss the case. Dkt. 62. When Nelson failed to respond, I dismissed the case in May 2018. Dkt. 63.

More than six months later, Nelson filed his motion to reopen. He says that the court sent the April 2018 order to the wrong address and that he was unable to respond because he was on a "pen and pencil restriction" in part of May and June 2018. He asks the court to reopen the case so that he can litigate on his own, without a lawyer.

Nelson doesn't cite any authority in support of his motion, but the only possibility is Federal Rule of Civil Procedure 60. *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 743 (7th Cir. 2009) (if a motion to reopen is filed after deadline for filing Rule 59 motion, Rule 60

governs). Rule 60 lists several possible grounds for reopening a case, but the only provision that might be relevant is Rule 60(b)(1), which applies when a party acted with "excusable neglect." Relevant factors are the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, whether the movant acted in good faith, and the danger of prejudice to the non-moving party. *Whitfield v. Howard*, 852 F.3d 656, 660 (7th Cir. 2017). But prejudice to the other side is not a requirement in the absence of some justification. *McCarty v. Astrue*, 528 F.3d 541, 545 (7th Cir. 2008). Examples of excusable neglect include "the missing of a deadline as a result of such things as misrepresentations by judicial officers, lost mail, and plausible misinterpretations of ambiguous rules." *Prizevoits v. Indiana Bell Tel. Co.*, 76 F.3d 132, 134 (7th Cir. 1996). The decision whether to grant the "extraordinary relief" recognized in Rule 60 lies with the discretion of the court. *Portalatin v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 900 F.3d 377, 382 n.4 (7th Cir. 2018). *See also Bakery Mach. & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("The district court has great latitude in making a Rule 60(b) decision because that decision is discretion piled on discretion.").

In this case, Nelson has not provided any justification for failing to respond to the court's order sooner. He says that the address that the court had on record in April 2018 was not his "house," but a "T.L.P.," which presumably means transitional living placement. (Nelson was not incarcerated in April 2018.) But Nelson does not deny that he was living at the address at the time and he does not deny that he received the court's order, so it doesn't matter whether the address was his "house." And even if the court had the wrong address, I instructed Nelson at the beginning of the case that it was his responsibility to inform the court of his current whereabouts. Dkt. 20, at 5 ("If plaintiff moves or is transferred while this case is pending, it is

his obligation to inform the court of his new address. If he fails to do this and defendants or the court are unable to locate him, his case may be dismissed for his failure to prosecute it.").

Nelson also says that he could not inform the court that he wanted to continue with the case because he was reincarcerated on May 1, 2018, and was on a "pen and pencil restriction" from May 6 until June 13. But this argument is unpersuasive for three reasons. First, the argument rests on an assumption that Nelson did receive the court's order in April, which means that he could have responded before May 6. Second, the document Nelson attaches to his motion shows that he was not on the restriction until June 8 and even then he was permitted to use crayons, Dkt. 67-1, which is a common way for prisoners on similar restrictions to communicate with the court. Third, even if Nelson had no way of communicating with the court before June 13, he does not explain why he waited more than five additional months to file his motion to reopen.

In light of the long delay and the lack of a legitimate excuse for waiting, I will deny Nelson's motion to reopen the case. And it is worth noting that Nelson would have an uphill battle prevailing on his claim in any event. I allowed Nelson to proceed on theories that the drug had a design defect and that defendants failed to provide a warning about the risks of the drug. But since Nelson filed this case, numerous courts have considered similar tort claims about Risperdal and risperdone. These courts have rejected both theories as to claims arising after 2006, which is when defendants began providing warnings about gynecomastia. *E.g.*, *Adeghe v. Janssen Pharm., Inc.*, No. 16 CIV. 2235 (LGS), 2018 WL 4112815, at *3 (S.D.N.Y. Aug. 29, 2018); *Chandler v. Janssen Pharm., Inc.*, 322 F. Supp. 3d 314, 325 (E.D.N.Y. 2018), *Trisvan v. Heyman*, 305 F. Supp. 3d 381, 404–05 (E.D.N.Y. 2018); *Thompson v. Janssen Pharm., Inc.*, No. CV162628PSGAGRX, 2017 WL 5135548, at *8 (C.D. Cal. Oct. 23, 2017). Because

Nelson admits that he did not start taking the drug until 2011, Dkt. 1, at 2, his claim would likely suffer the same fate, which may be why no lawyers were interested in taking this case.

ORDER

IT IS ORDERED that plaintiff David Nelson's motion to reopen the case, Dkt. 67, is DENIED.

Entered January 4, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge